Good morning. May it please the Court. My name is Brenda Wexler and I represent the appellant, Mr. Jimenez. I intend to reserve two minutes for rebuttal. The question before this Court is whether Villa-Gonzalez should be extended to 2L1.2. There is no question that the language for controlled substance offense under 4B1.2 and the language in drug trafficking offense under 2L is almost identical to each other. But it isn't much of an extension, is it? Excuse me, Your Honor. It isn't much of an extension. Well, it would be a direct application of Villa-Gonzalez. The only problem with doing a direct application of Villa-Gonzalez is the following. Villa-Gonzalez does not take into account the fact that there has been an amendment to 4B1.2 which actually includes 843. Villa-Gonzalez does not make that recognition because Villa-Gonzalez was decided in 1993 prior to the amendment coming in. Yeah. And so where does that? Well, I think that the fact that there has been an amendment distinguishes one from the other. In other words, 2L has been revamped several times and has been changed several times, and the Sentencing Commission has never chosen to include such an amendment. Because there was a body of law that it amended to reflect, whereas there's not a body of law that was necessary to reflect in this one, right? Which body of law was? Well, is the Fifth Circuit or the Eleventh Circuit? It's the Eleventh Circuit. The Eleventh Circuit kind of explained in some length why the one section was amended. The other was not. Well, the Orihuela, the Orihuela Court, which is the Eleventh Circuit Court, essentially relies on those two things. One, that the language is almost identical to each other, and secondly, the aiding and abetting language. The problem with relying with the aiding and abetting language is that aiding and abetting under Ninth Circuit jury instructions rule is not the same thing as facilitating. And I understand that Villa-Gonzalez very clearly holds the opposite. I'm perfectly aware of that. However, when Villa-Gonzalez was decided in 1993, that was pre the 2003 Jury Instructions Amendment, which require that each element be showed to have been aided and abetted. So if we are saying that aiding and abetting is essentially the same thing as facilitating, then what the Court would have to do is to go beyond the elements in contravention of Taylor and actually see whether each element of the offense was facilitated, because that's what the jury instructions require. Maybe the jury instruction is wrong. And it could be that it's wrong. I mean, that's not much. Because, I mean, the model jury instructions are just model jury instructions. They can't overrule Villa-Gonzalez. And that could be the case, Your Honor. I think, however, the fact that we do have an amendment in one section of the Guidelines and not another one is not fully explained by Orihuela, which is the case that the government is relying upon. And Villa-Gonzalez, which is the only Ninth Circuit case, does not explain this either. I think we have the rules of statutory construction to think about as well, which require us to construct both all of the language in the Guidelines together in prior material with each other. We have the rule of lenity here as well. And it seems to me that the fact that the Sentencing Commission chose not to include this on one application and in the other means something. It also seems to me to mean something that in the entire Sentencing Guidelines, we have the use of controlled substance offense except for the 2L1.2 definition. So even though the language that defines each of these is the same, the actual term used is different. And there has to be a reason for that. It seems to me that the drug trafficking guideline under 2L1.2 is not as inclusive as the language under the controlled substance offense under 4B1.2. 4B1.2 is a recidivist guideline. It seems to be much more encompassing than the 2L1.2 definition. If I could have one moment, Your Honors. I don't have anything further unless you have anything else. Well, I have one question. The facilitation was of distribution, not just of possession, isn't it? Is that right? The facilitation of distribution. Correct. There is no question. Even if variance was to be directly applied to 2L1.2, there seems to be no question in my mind. And even in Villa-Gonzalez's, that 843 is at best overbroad. There is a footnote in particular. It's footnote 1 in Villa-Gonzalez, which says that mere possession is not part 843. So it could be a drug trafficking offense, but it does not necessarily have to be a drug trafficking offense. And, in fact, the commentary notes under 4B1.2 also says that 843 could be a drug trafficking offense or, excuse me, that could be a controlled substance offense if certain conditions are met. So at best, I think we have a case where 843 is overbroad. Does that answer your question, Your Honor? Thank you. Thank you. Okay. Thank you. Mr. Bork. Good morning. May it please the Court. I'm Robert Bork representing the United States from the District of Nevada. The defendant's argument is based upon two principles. The first that's been discussed already, and that is this attempt to link the definitions in 4B1.2 with the definition in 2L1.2. First and obviously, those two provisions are totally separate. The 4B provision is a queer offender statute that's much broader, covers a variety of defendants if they have certain convictions and, of course, have certain prior convictions. 1326, which is covered under 2L, only covers illegal alien cases. And the amendment that is made in 1997 that adds the – specifically adds the telephone count was, as noted by Your Honor, to address specific case law that had come up interpreting that statute. And it's interesting to note that, along with phone count, they also included unlawful possessing of illicit chemicals, unlawful possessing of a prohibited flask or equipment, maintaining a place for facilitating a drug offense. So clearly, they weren't just focusing on phone counts, 843B. They were generally amending the statute based upon case law. And that's a last point on this particular issue, that in doing my preparation for the argument here, I went ahead and looked at the amendments to 2L1.2. And significantly, before 2001, 2L1.2 was very short and to the point. And it allowed for anybody with a conviction that was an aggregate felony to get a 16-level increase, anyone else to get a 4-level increase. And that also then generated a lot of law where district court judges and prosecutors and defense attorneys did not like the fact that it was so draconian to have someone commit a murder and get 16-level and also steal a car and get a 16-level. And that led to the amendment in 2001, 632. What's also interesting about the 2002 version is when they referenced how a crime of violence or a controlled substance offense was to be defined, they specifically referenced 4B1.2. So at that time, they were, in fact, completely linked. But with the amendment, when they changed the guideline completely, they eliminated that link. And so we now know that the Sentencing Commission obviously was aware of the 1997 amendment to 4B1.2 and specifically chose not to accept that as the definition. And so I think that amendment shows that the Sentencing Commission did not intend to have these two linked, and therefore, whether or not under 2L1.2, 843B is mentioned does not mean it's precluded being found as a drug trafficking offense. And the last argument that she makes, counsel makes, is that facilitation is not aiding and abetting. Well, the Villa-Gonzalez case says that very clearly. It does not depend upon prior interpretations of the guidelines. They find that it is aiding and abetting. And the last issue, I think, that in looking at this, I argued that categorically an 843B is a drug trafficking offense. In preparing for this, I actually realized that there is a possibility that someone could commit a drug felony offense under the Drug Control Act and it not be a trafficking offense, and that is if someone used a telephone to aid in second possession of a controlled substance, first possession or 844 is a misdemeanor, second possession is a felony. So technically, that's possible. But again, that's why we look at the documents that were presented to district court, and as the Court already noted, the two charges against him, one charge that he helped deliver a controlled substance, the other that he helped arrange the sale of the controlled substance. So clearly, under the modified categorical approach, this crime does fit the definition and the judge's decision should be affirmed. Thank you. Okay. Thank you, counsel. Ms. Weisler. Just one point. With regards to the commentary regarding the guidelines being having the prior reference to 4B1.2, I think what's significant about that is that as the guidelines currently stand, we no longer have that commentary note there. So it used to be there. It is no longer there. And I think that goes hand in hand with the idea that 201.2 is supposed to reserve the plus 16 enhancement for only the most serious of offenses. So I think the fact that it was there before and that it's no longer there should also be taken into account and, again, goes hand in hand with the statutory construction argument. I have nothing further. Thank you. Thank you, counsel. If I could get the matter just started and be submitted. It's the argument in Diggs.
judges: Fletcher, Rymer, Duffy